IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AUTHOR RAY TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-01134 |
| ) | |
| MIKE W. PARRIS, Warden, ) | Judge Trauger |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Author Ray Turner, a state prisoner, filed this *pro se* action under 28 U.S.C. § 2254, seeking the writ of habeas corpus to set aside his 2012 conviction and sentence. Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Gov'g § 2254 Cases; 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. *Id.* After undertaking the review required by Rule 4, the court will dismiss the petition without prejudice because it is premature.

The petitioner alleges that he received a jury trial on his underlying criminal charges in August 2012. He was found guilty and sentenced to 70 years of incarceration. The Tennessee Court of Criminal Appeals affirmed his conviction on direct appeal, and the Tennessee Supreme Court denied review. *See State v. Turner*, No. M2013-00277-CCA-R3-CD, 2014 WL 2442993 (Tenn. Ct. Crim. App. May 28, 2014), *perm. to appeal denied* (Tenn. Oct. 22, 2014). The petitioner states that he filed a state petition for post-conviction relief in the trial court on December 17, 2014, asserting that his conviction and sentence violated his constitutional rights and that he was deprived of the effective assistance of counsel. According to the petitioner, the trial court conducted a post-conviction hearing on July 15, 2015, but had not ruled on the petition as of October 26, 2015, when the petitioner filed this action. (*See* ECF No. 1, at 6 n.9.) Further, the petitioner affirmatively states that he "has not filed any other petition or application to appeals to date other th[a]n his direct appeal from judgment of conviction and sentencing in this matter in any other state or federal court." (ECF No. 1, at 6 (footnote omitted).)

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Generally, a habeas petition must be denied on exhaustion grounds when an appeal challenging the conviction is still pending in the state courts. *See Juliano v. Cardwell*, 432 F.2d 1051, 1051 (6th Cir. 1970) (per curiam) (dismissing petition for failure to exhaust because an appeal from the denial of a post-conviction motion was still pending in the state's supreme court); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) (dismissing habeas petition for lack of exhaustion because a petition for post-conviction relief was pending in the state's appellate court). Indeed, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) encourages petitioners to exhaust all avenues for relief in state court before proceeding in federal court, by tolling the one-year statute of limitations for filing a federal habeas action while a motion for "collateral review" is "pending" in state court. 28 U.S.C. § 2244(d)(1). Further, as the Supreme Court has recognized, "[i]f a defendant receives relief in state court, the need for federal habeas review may be narrowed or even obviated, and this furthers principles of 'comity, finality, and federalism.'" *Wall v. Kholi*, 562 U.S. 545, 558 (2011) (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). Likewise, dismissing the petitioner's federal habeas petition at this stage, while his state post-conviction proceeding is still pending in state court, promotes comity, finality, and federalism by allowing the state court to have the first opportunity to remedy any defects in the lawfulness of his custody.

Clearly, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, 28 U.S.C. § 2244(d)(1), dismissal without prejudice could have the effect of precluding future federal habeas review. That is not a danger in this particular case, however. Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The petitioner appealed his conviction to the Tennessee Court of Criminal Appeals and the Tennessee Supreme Court. The Tennessee Supreme Court denied leave to appeal on October 22, 2014. The petitioner did not petition for certiorari to the United States Supreme Court, but the ninety-day period during which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Tuesday, January 20, 2015. Accordingly, absent tolling, the petitioner would have one year from that date in which to file his habeas

petition.

But, as indicated above, the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because the petitioner's state post-conviction action was filed before January 20, 2015, the statute of limitations was tolled from the outset. Because the petitioner indicates that his state post-conviction petition is still pending, the federal limitations period remains tolled. Assuming that the petitioner diligently pursues his post-conviction action in state court through the appeal process, he will have a full year from the resolution of those proceedings to return to this court, if necessary.[1] Because the petitioner is not in danger of running afoul of the statute of limitations, dismissal of the present action is warranted.

An appropriate order is filed herewith.

ALETA A. TRAUGER
United States District Judge

---

[1] The statute of limitations will remain tolled for as long as the petitioner's state post-conviction action remains "pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance'—*i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Carey v. Saffold*, 536 U.S. 214, 219 (2002). If the petitioner's state action is not successful in the trial court, it will remain "pending" during the time between a lower court decision and the proper filing of an appeal to a higher state court, including an appeal to the Tennessee Supreme Court. *See id.* at 219–20. However, the statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).